IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| ALONZO JOHNSON, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:17-03348 |
| v. | ) |
| DENTIST ANTHONY WILLIAMS, | ) |
| Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 14, 2017, Plaintiff, acting *pro se* and incarcerated at FCI McDowell, filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document Nos. 4 and 5.) In his Complaint, Plaintiff names Dentist Anthony Williams as the sole defendant. (Document No. 4.) Plaintiff alleges that Defendant Williams violated his constitutional rights by providing improper dental care. (Id.) Specifically, Plaintiff alleges as follows:

> Independent contractor Anthony Williams violated my constitutional rights and my person. Defendant preformed procedures in Plaintiff's mouth (teeth) that was not explained to Plaintiff. Mainly, Defendant placed a false covering on Plaintiff's upper tooth and Defendant shaved Plaintiff's three bottom teeth. All procedures explained above were done by Defendant without Plaintiff's knowledge or consent. The intern (inmate) name unknown was there as well as staff Ms. Lucas, who helped defendant. Date of incident was 2/10/2017.

(Id., p. 4.) As relief, Plaintiff requests monetary damages and injunctive relief. (Id., p. 5.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

As Exhibits, Plaintiff attaches a copy of the following: (1) A copy of a letter dated April 26, 2017, from the Bureau of Prisons ["BOP"] denying Tort Claim No. TRT-MXR-2017-03411 (Id., pp. 6 – 7.); (2) A copy of Plaintiff's "Claim for Damage, Injury, or Death" dated February 1, 2017 (Id., pp. 8 – 9.); (3) A copy of Regional Director J.F. Caraway's Response dated June 13, 2017, denying Plaintiff's Regional Administrative Remedy Appeal (Remedy ID No. 895636-R1) (Id., pp. 10 - 11.); (4) A copy of Plaintiff's "Regional Administrative Remedy Appeal" dated April 25, 2017 (Remedy ID No. 895636-R1) (Id., p. 12.); (5) A copy of Warden Barbara Rickard's Response to Plaintiff's "Request for Administrative Remedy" dated April 10, 2017 (Remedy ID No. 895636-F1) (Id., p. 13.); (6) A copy of Plaintiff's "Request for Administrative Remedy" dated March 8, 2017 (Remedy ID No. 895636-F1) (Id., p. 14.); and (7) A copy of Plaintiff's Request for Administrative Remedy Informal Resolution Form (Id., pp. 15 – 16.).

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## **DISCUSSION**

A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[2] The United

---

[2] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th

States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

In determining whether Bivens liability can be imposed upon the Defendant, the undersigned must consider the Fourth Circuit's decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006). In considering whether Bivens may apply to a private individual, the Fourth Circuit stated as follows:

> Neither we nor the Supreme Court has had occasion to consider whether and to what extent Bivens liability may apply to private citizens. As a threshold matter, we harbor some doubt as to whether such liability would ever be appropriate. Each of the defendants in Bivens, Davis, and Carlson were in the direct employ of the federal government.

Id. at 291. The Fourth Circuit noted that the Supreme Court has "responded cautiously to suggestion that Bivens remedies should be extended into new contexts" and has extended Bivens

---

Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*. In Plaintiff's Complaint, he specifically states that he is bringing the above action under *Bivens*. To the extent Plaintiff may be attempting to assert a FTCA claim against the above-named defendants, the undersigned finds that such would be improper. The FTCA waives sovereign immunity for certain torts committed by employees of the United States, but it does ***not*** waive immunity as to the acts of independent contractors. *Logue v. United States*, 412 U.S. 521, 527-28, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996).

only twice in 30 years.[3] Id. at 289. The Fourth Circuit reasoned that a Bivens "cause of action is implied without any express congressional authority whatsoever" and "a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." Id.(citing Sosa v. Alverez-Machain, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004)). Recently, the Supreme Court made clear the very limited scope of Bivens actions and that "expanding the Bivens remedy is now a disfavored judicial activity." Ziglar v. Abbasi, ___ U.S. ___, 137 S.Ct. 1843, 1857, 198 L.Ed.2d 290 (2017).

Assuming the claim is a new Bivens context, the Court must determine whether Bivens should be extended to the new context. First, the Court should consider "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new freestanding remedy in damages." Wilkie, 551 U.S. at 550, 127 S.Ct. 2588. "[T]he existence of alternative remedies usually precludes a court from authorizing a Bivens action." Abbasi, 137 S.Ct. at 1865("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action."); Malesko, 534 U.S. at 69, 122 S.Ct. at 515("So long as the plaintiff had an avenue for

---

[3] In *Bivens*, the Supreme Court first recognized that a victim of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court. *Bivens*, 403 U.S. at 396, 91 S.Ct. 1999. In the years following the decision in *Bivens*, the Supreme Court recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 100, S.Ct. 1468, 64 L.Ed.2d 15 (1980). Since *Carlson*, the Supreme Court has consistently refused to extend *Bivens* liability to any new context or new category of defendants. *See FDIC v. Meyer*, 510 U.S. at 484-86, 114 S.Ct. 996 (declined to extend *Bivens* to permit suit against a federal agency); *Holly*, 434 F.3d at 290 (declining to extend *Bivens* to an Eighth Amendment claim against employees of a privately operated prison); *Lebron v. Rumsfeld*, 670 F.3d 540 (4th Cir. 2012)(declining to extend *Bivens* in a military context).

some redress," a court may decline to provide a new Bivens remedy). Irrespective of whether an alternative remedy exists, a Bivens remedy should not be extended where "there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Abbasi, 137 S.Ct. at 1857(quoting Carlson, 446 U.S at 18, 100 S.Ct. 1468). Although the Supreme Court has not defined what constitutes "special factors counselling hesitation," the Court has observed that "[t]he necessary inference . . . is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857-58. Put simply, "a factor must cause a court to hesitate before answering that question in the affirmative." Id. at 1858. "[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. at 1865.

In Holly, the Fourth Circuit determined that two factors counseled hesitation independently precluding the extension of Bivens: (1) Defendants were private individuals, not government actors; and (2) Plaintiff had an adequate remedy against defendants under state law. Holly, 434 F.3d at 290 (Bivens does not provide federal inmates with a cause of action against employees of a private corporation operating a prison). In discussing the first factor counseling hesitation, the Fourth Circuit stated that defendants' actions were not "fairly attributable" to the federal government. Id. at 290. The Fourth Circuit explained that it was undisputed that defendants were employees of "a wholly private corporation in which the federal government has no stake other than a contractual relationship." Id. at 291. Thus, the Fourth Circuit stated that "[w]e decline to extend Bivens to impute liability in such circumstances." Id.("Neither we nor the Supreme Court has had occasion to consider whether and to what extent Bivens liability may apply to private citizens. As a threshold matter, we harbor some doubt as to whether such lability would ever be

appropriate.") Next, the Fourth Circuit then explained that "[e]ven assuming that Bivens liability is sufficiently expansive to encompass at least some private individuals, our constitutional scheme necessarily constrains its scope." Id. at 292. Although the Fourth Circuit recognized "[t]here exist amply reason to be even more cautious about imputing liability to private actors under Bivens than under § 1983," the Fourth Circuit discussed liability of private persons under Section 1983. Id. at 292(noting that Section 1983 is a congressional enactment expressly creating lability for individuals acting under color of state law, and Bivens is a device of judicial creation). Under Section 1983, courts have limited liability of private persons through the application of the state action doctrine. Id. at 291-92(citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under the state action doctrine, liability does not result unless the "conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." Id. There is no specific formula for determining whether state action is present. Id. at 293(citing Hicks v. S. Md. Health Sys. Agency, 737 F.2d 399, 402 (4th Cir. 1984)). A variety of factors may be considered when determining what action is fairly attributable to a state. Id. The Supreme Court has stated that a the "dispositive issue concerns the relationship among the State, the physician, and the prisoner." West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(finding that a "physician who was under contract with state to provide medical services to inmates at state prison hospital on part-time basis acted under color of state law, within meaning of § 1983").[4] In

---

[4] The Fourth Circuit warned that "[t]here exists amply reason to be even more cautious about imputing liability to private actors under *Bivens* than under § 1983. Section 1983 is a congressional enactment that expressly creates liability for '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia' deprives an individual of any 'rights, privileges, or immunities secured by the Constitution' or other federal law. *Bivens*, on the other hand, is a devise of judicial creation . . . the Supreme Court 'has never expressly held that the controls of *Bivens* and § 1983 are identical." *Holly*, 434 F.3d at

Holly, the Fourth Circuit found that the defendants' actions were not of a "sufficiently federal character to create constitutional liability" because (1) the defendants were employees of a wholly private corporation, (2) other than a contractual relationship, the federal government had no interest in the private corporation, and (3) there was no allegation that federal policy resulted in defendants' failure to provide adequate medical care. Holly, 434 F.3d. at 294. Therefore, the Fourth Circuit concluded that "even if there did exist circumstances where a private party could be subject to liability under Bivens . . . the doctrine of state action compels us to refrain from extending Bivens liability to the individual employees of a private corporation operating a correctional facility." Id.

In discussing the second factor counseling hesitation in Holly, the Fourth Circuit explained that plaintiff "possesses alternative - and arguably superior - causes of action against defendants under the state law of negligence." Id. at 295. The Supreme Court has extended Bivens in only two circumstances: (1) "[T]o provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct;" and (2) "[T]o provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally." Id. at 295-96(citing Correctional Services Corp. v. Malesko, 534 U.S.61, 70, 122 S.Ct.515, 151 L.Ed.2d 456 (2001)). The Fourth Circuit stated that "where these two circumstances are not present, the Court has consistently rejected invitations to enlarge the scope of the judicially created Bivens remedy." Id. at 296. The Fourth Circuit then determined that neither circumstance was present in plaintiff's case because state law provided plaintiff with an

---

292.

alternative remedy, which included a cause of action against individual officers. Id. Therefore, the Fourth Circuit determined that the extension of Bivens was inappropriate. Id. at 297.

In the instant case, Plaintiff alleges that Defendant is an independent contractor. Based upon Plaintiff's allegations, Defendant is a private actor independently contracted by the BOP. There is no allegation, or indication, that Defendant was employed by a government entity or agency. In Holly, the Fourth Circuit expressly declined to extend a Bivens action to employees of a wholly private corporation in which the government had no stake other than a contractual relationship. Accordingly, the undersigned finds that Bivens should not be extended to Plaintiff's claims against Defendant.[5] See O'Neil v. Anderson, 372 Fed.Appx. 400, 404 (4th Cir. 2010)(affirming dismissal of Bivens action against a private doctor that was contracted to provide medical care to a federal prison); Sellers v. St. Joseph Hospital, 2017 WL 4564187, * 3 (N.D.W.Va. June 28, 2017)(dismissing Bivens claim against the independent hospital and the individual private actor physician who treated the inmate); also see Boston v. Bennett, 2018 WL

---

[5] Since Plaintiff's claim is a new *Bivens* context, the undersigned briefly considers whether *Bivens* should be extended to the above new context. The Court should consider "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new freestanding remedy in damages." *Wilkie*, 551 U.S. at 550, 127 S.Ct. 2588. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S.Ct. at 1865("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."); *Malesko*, 534 U.S. at 69, 122 S.Ct. at 515("So long as the plaintiff had an avenue for some redress," a court may decline to provide a new *Bivens* remedy.) The undersigned finds that Plaintiff has a remedy against Defendant under state law. Plaintiff alleges that Defendant provided inadequate dental care. The undersigned finds that Plaintiff's allegations would support a cause of action under West Virginia law for medical negligence under the MPLA. W. Va. Code. §§ 55-7B-1. If successful, Plaintiff could recover compensatory and punitive damages. Therefore, the undersigned finds *Bivens* liability should not be extended because Plaintiff has an alternative cause of action against Defendant under state law.

7078678, * 7 (N.D.W.Va. Dec. 26, 2018)(dismissing <u>Bivens</u> claim against a dentist, who was a contract employee providing dental care to an inmate); <u>Sowers v. United States</u>, 2018 WL 6709509, * 12 (E.D.Va. Dec. 20, 2018)(dismissing FTCA and <u>Bivens</u> claim against an employee of an independent contractor); <u>Brock v. Shearer</u>, 2012 WL 7188893, * 12 (D.S.C. July 25, 2012)(finding that <u>Bivens</u> liability should not be extended to private physicians). The undersigned, therefore, respectfully recommends that Plaintiff's Complaint be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 5), **DISMISS** Plaintiff's Complaint (Document No. 4), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155

(1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: April 14, 2020.

Omar J. Aboulhosn
United States Magistrate Judge