IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ALONZO JOHNSON,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:17-03348

DENTIST ANTHONY WILLIAMS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on April 14, 2020, in which he recommended that the court **DENY** plaintiff's Application to Proceed without Prepayment of Fees and Costs, **DISMISS** plaintiff's Complaint, and remove this matter from the court's docket. (See ECF No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed objections.

## I. Factual Background

Plaintiff alleges that on February 10, 2017, while he was incarcerated at FCI McDowell, he received dental care that he did not want at the hands of defendant, dentist Anthony Williams. Specifically, defendant "placed a false covering on Plaintiff's upper tooth and . . . shaved [his] three bottom teeth." (ECF No. 4, at 4.) Plaintiff requests $300,000 (or $200,000 in settlement) and an apology. He also requests that defendant "be stricken from his practice for 15 yrs," which is "the remainder of [plaintiff's] sentence." (Id. at 5.)

Plaintiff unsuccessfully pursued an administrative remedy; he also filed a claim with the Bureau of Prisons, which was denied. (Id. at 6-16.) On July 14, 2017, plaintiff filed this complaint and application to proceed without payment of fees and costs in this court. (See ECF Nos. 4-5.) Plaintiff listed no defendants other than dentist Anthony Williams, whom he alleges is an independent contractor. (See ECF No. 4, at 5.)

## II. Standard of Review of *Pro Se* Objections

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a *de novo* or any other standard, the factual or

2

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning

3

contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

### III. Plaintiff's Objections

Plaintiff sets forth 13 objections to the PF&R, but only four of them can be considered responsive to the PF&R (objections 4, 9, 10, and 12). In his objections, plaintiff also asks the court to (1) grant him leave to amend his complaint; (2) assign counsel to him; (3) "grant his Application to Proceed Without Payment"; and (4) "grant [his] Complaint." (ECF No. 11.)

#### A. Objection No. 4

Plaintiff says that his due process rights were violated when he did not receive instructions from the Magistrate Judge "of the proper way to file a Civil Claim" and that, as a result, his claim is now time-barred. (ECF No. 11.) Plaintiff has no due process right to the court's legal advice in how to best pursue his alleged injuries. It is not the court's responsibility to ensure that plaintiff presents his claim appropriately to ensure that it is not time-barred. That plaintiff may now be time-barred from seeking alternative remedies to his Bivens claim is simply not a valid objection.

This objection is **OVERRULED**.

### B. Objection No. 9

Plaintiff objects that the Magistrate Judge "never denied [his] complaint on the merits, to which no reasonable jury would." (ECF No. 11.) This objection assumes that plaintiff states a valid Bivens claim that can be adjudicated on the merits. Unfortunately for plaintiff, he does not.

This objection is **OVERRULED**.

### C. Objection No. 10

Plaintiff says that the dismissal of his complaint would be "a complete injustice and both cruel and unusual." (ECF No. 11.) This is presumably an objection to the overall finding in the PF&R that plaintiff fails to state a Bivens claim. The court has reviewed Magistrate Judge Aboulhosn's analysis of whether plaintiff states a Bivens claim, and the court agrees that he does not. The PF&R correctly applies Holly v. Scott, 434 F.3d 287 (4th Cir. 2006) to this case. As in that case, "even if there did exist circumstances where a private party could be subject to liability under Bivens, this case does not present them." Id. 294. And this is likewise "not a circumstance under which the extension of a judicially implied remedy is appropriate." Id. 297. And just as Mr. Holly had "alternative—and arguably superior—causes of action against defendants under the state law of negligence," id. at 295, so

too here, plaintiff had a potential remedy under West Virginia state law for medical negligence.[1]

As defendant does not state a specific objection to the analysis in the PF&R, explaining why the court should not accept it, the court finds further discussion unnecessary.

This objection is **OVERRULED**.

D. **Objection No. 12**

This objection suggests that Magistrate Judge Aboulhosn did not construe the allegations in his *pro se* complaint liberally. Defendant cites the case that the PF&R itself cites in footnote 1: Haines v. Kerner, 404 U.S. 519 (1972). In footnote 1, Magistrate Judge Aboulhosn says that he would apply this liberal standard to plaintiff's complaint, and it appears that he did. Thus, this objection lacks merit.

This objection is **OVERRULED**.

---

[1] The court also finds Minneci v. Pollard, 565 U.S. 118 (2012) instructive. There, the Supreme Court explained that "the question is whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." Id. at 130. The Court dismissed Mr. Pollard's Bivens claim "primarily because [his] Eighth Amendment claim focuse[d] upon a kind of conduct that typically falls within the scope of traditional state tort law." Id. at 125.

6

### E. Request for Leave to Amend

The court denies plaintiff's request for leave to amend because it appears from a review of the record amendment would be futile.  Plaintiff has not shown how he can amend his complaint to state a valid <u>Bivens</u> claim against an independent contractor dentist for a claim that plaintiff could have brought under state law.

### F. Requests That the Court Assign Counsel, Grant Leave to Proceed without Payment, and Grant the Complaint

In light of the court's agreement with the PF&R and adoption of its findings and recommendation, the court denies these requests as moot.

## IV. Conclusion

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 5) is **DENIED;**
2. Plaintiff's complaint (ECF No. 4) is **DISMISSED;** and
3. The Clerk is directed to remove this case from the court's active docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 30th day of September, 2020.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge